IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARVONNE JONES, | No. 2:25-cv-1449-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| A. PAYAN, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint filed in state court and removed by Defendants based on federal question jurisdiction. See ECF No. 1 (Notice of Removal). Also before the Court is Defendants' request for screening of the complaint. See ECF No. 2.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See

28 U.S.C. § 1915A(b)(1), (2).

Moreover, the Federal Rules of Civil Procedure require that complaints contain a "... short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following prison officials at California State Prison – Solano (CSP-Solano) as defendants: (1) T. Tyler, (2) J. Santos, (3) S. Brown, (4) A. Payan, (5) A. D'Andrade, and (6) P. Mascote. See ECF No. 1, pg. 5. Plaintiff asserts eight separate claims.

Plaintiff's first claim alleges that his Fourteenth Amendment due process rights and Eighth Amendment rights were violated by Defendants Tyler, Brown, and Payan, for approving the retention of Plaintiff in the Restrictive Housing Unit (RHU) on January 10, 2024. See id. at 18. Plaintiff contends the "RHU term" for "battery on non-prisoner" on December 20, 2023, did not occur. Id. at 9. At the Initial Classification Committee (ICC) hearing, Plaintiff asserts that he did not receive "written notice" of the Rules Violation Report (RVR) within fifteen days of the incident in "violation of California Code of Regulation Title 15." Id. at 16-17. Plaintiff alleges this confinement by Defendants in the RHU violated his "due process" because Defendants' "failed to investigate the alleged allegation" before placing Plaintiff in the RHU. Id. at 9. While in the RHU, Plaintiff contends Plaintiff has been subject to only one phone call per week "as well as other punishments." Id. at 19.

///

Additionally, Plaintiff contends the confinement in the RHU caused Plaintiff to lose credits for two college courses, two self-help programs, a life skills program, and a Prisoner Industry Authority (PIA) job. See id. Plaintiff alleges he sought these credits to reduce his prison sentence, and the credits have not been restored. See id. at 9.

Plaintiffs second claim asserts a violation of the Fourteenth Amendment Due Process Clause by Defendant Mascote "with malice intent to harm" by making false statements to administration regarding the when the battery on non-prison occurred. Id. at 10. Specifically, Plaintiff asserts that Defendant Mascote stated the incident happened on December 20, 2023, but Plaintiff contends the audio-video surveillance system shows the incident occurred on December 18, 2023. Plaintiff then repeats the same allegations as the first claim. See id. at 9.

Plaintiff's third claim alleges a violation of the Fourteenth Amendment Due Process Clause by Defendant Santos by authorizing the initial RHU placement "on or about" January 2, 2024. Id. at 11. Plaintiff then repeats the same allegations as the first claim. See id. at 9.

Plaintiff's fourth claim alleges a violation of the Fourteenth Amendment Due Process Clause by Defendant Brown by retaining Plaintiff in the RHU pending the committee's action on January 3, 2024. See id. at 12. Plaintiff then repeats the same allegations as the first claim. See id. at 9.

Plaintiff's fifth claim contends a violation of the Fourteenth Amendment Due Process Clause by that Defendant Payan by approving to retain Plaintiff in the RHU during the ICC hearing on January 10, 2024. See id. at 13. Plaintiff then repeats the same allegations as the first claim. See id. at 9.

Plaintiff's sixth claim alleges a violation of the Fourteenth Amendment Due Process Clause by Defendant D'Andrade by finding Plaintiff "guilty of false allegations without investigation." Id. at 14. Plaintiff then repeats the same allegations as the first claim. See id. at 9.

Plaintiff's seventh claim alleges a Fourteenth Amendment violation by Defendants when they "intentionally failed to put the number of items Plaintiff had prior to being placed in administrative segregation." Id. at 15.

Plaintiff's eighth claim alleges an Eighth Amendment violation against unnamed defendants for subjecting Plaintiff to only one phone call per week "as well as other punishments" while in the RHU. Id. at 19.

## II. DISCUSSION

Plaintiff's complaint asserts eight claims against six Defendants. The Court finds that Plaintiff's due process claims relating to the prison disciplinary process (first through sixth claims) plausibly state cognizable claims for relief. However, Plaintiff's seventh claim, which also appears to relate to the prison disciplinary process, is insufficient to proceed as currently pleaded because Plaintiff does not allege facts to show a causal connection between a named defendant and a violation of Plaintiff's due process rights. Finally, Plaintiff's eighth claim alleging an Eighth Amendment violation relating to limitations on the number of phone calls Plaintiff was allowed, is also insufficient as currently pled for the same reason – failure to allege facts to show a causal connection between a named defendant and a violation of Plaintiff's Eighth Amendment rights relating to phone privileges.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

///

///

In his seventh and eighth claims, Plaintiff refers generally to "Defendants" collectively but fails to allege specific facts as to any named defendant which would link them to a violation of Plaintiff's due process rights or Eighth Amendment rights. Plaintiff will be provided an opportunity to file an amended complaint which more specifically sets forth facts as to particular named defendants.

### III.     CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' request for screening, ECF No. 2, is granted.

2. Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

**Dated: June 13, 2025**

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE