**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JARVONNE JONES,

Plaintiff,

v.

A. PAYAN, et al.,

Defendants.

No. 2:25-cv-1449-DJC-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint. See ECF No. 13.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

The Court has reviewed the first amended complaint and finds service appropriate on the named defendants pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) on Plaintiff's claims of due process violations arising from a prison disciplinary proceeding. All defendants, except Defendant Mascote, have previously waived service. See ECF Nos. 18, 21, and 23. Summons was returned executed as to Defendant Mascote, who has filed a pro se answer to Plaintiff's original complaint. See ECF Nos. 22 and 24. By this order, Defendants will be directed to file a response to the operative first amended complaint.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' motion for an extension of time, ECF No. 17, to file waivers of service is denied as moot because all defendants have either waived service or been served.

2. Defendants shall file a response to Plaintiff's first amended complaint within 30 days of the date of this order.

Dated: July 17, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE